# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0206V
### Filed: June 30, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

CARIN ING-MARIE MALKIN,   *

  *

          Petitioner,   *      Ruling on Entitlement; Concession;

  *      Influenza ("flu") vaccine; Shoulder Injury

v.   *      Related to Vaccine Administration

  *      ("SIRVA"); Damages Decision Based

  *      on Proffer; Special Processing Unit

SECRETARY OF HEALTH   *      ("SPU")

AND HUMAN SERVICES,   *

  *

          Respondent.   *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana L. Sedar, Maglio Christopher and Toale, Sarasota, FL, for petitioner.*
*Ann D. Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

**Vowell**, Chief Special Master:

On March 2, 2015, Carin Ing-Marie Malkin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on September 30, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On June 30, 2015, respondent filed her Rule 4(c) Report ["Res. Report"], in which she concedes that petitioner is entitled to compensation in this case. Res. Report at 3. Specifically, respondent "has concluded that a preponderance of evidence establishes

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

that the injury to petitioner's right shoulder was caused-in-fact by the administration of her September 30, 2013, flu vaccine, and that [the] injury is not due to factors unrelated to [that] administration." *Id.* Respondent "recommends that compensation be awarded under the terms of the Vaccine Act for petitioner's right shoulder injury." *Id*.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

Additionally, respondent filed a Proffer on Award of Compensation ("Proffer") detailing compensation for all elements of compensation to which petitioner would be entitled under §15(a). According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
)
CARIN ING-MARIE MALKIN, )
)
Petitioner, )
) No. 15-206V
v. ) Chief Special Master Vowell
) ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$70,000.00, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $70,000.00 in the form of a check payable to petitioner.

Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  June 30, 2015